UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

LIQUI-SYSTEMS, INC.
2913 Latham Drive
Madison, WI 53713

       Plaintiff,

vs.

MILTON ROY, LLC
201 Ivyland Road
Ivyland, PA 18974

       Defendant.

Case No. 15-cv-797

---

## COMPLAINT

---

Plaintiff Liqui-Systems, Inc. by its attorneys, Paul R. Norman and James E. Bartzen of Boardman & Clark, LLP, and H. Dale Peterson of Stroud, Willink & Howard LLC, alleges as its Complaint against Defendant Milton Roy, LLC as follows:

<u>PARTIES</u>

1. Liqui-Systems, Inc. is a corporation organized under the laws of the State of Wisconsin and has its principal place of business at 2913 Latham Drive, Madison, Wisconsin 53713.

2. Milton Roy, LLC is a limited liability company formed under the laws of the State of Pennsylvania. Its address is 201 Ivyland Road, Ivyland, Pennsylvania 18974. On information and belief, Milton Roy, LLC is the successor in interest to Milton Roy Company, a Pennsylvania corporation.

## SUBJECT MATTER JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as follows:

   a. Liqui-Systems, Inc. is incorporated in the State of Wisconsin, and has its principal place of business in the State of Wisconsin. Liqui-Systems, Inc. is a citizen of the State of Wisconsin under 28 U.S.C. § 1332.

   b. Milton Roy, LLC is a limited liability company organized under the laws of the State of Pennsylvania. On information and belief, Accudyne Industries LLC, a Delaware limited liability company, is the sole member of Milton Roy, LLC. On information and belief, no member of Milton Roy, LLC and no member of Accudyne Industries LLC is a citizen of the State of Wisconsin.

   c. More than $75,000, exclusive of interest and costs, is in controversy.

## FACTUAL ALLEGATIONS

4. Milton Roy Company and Liqui-Systems, Inc. entered into a Domestic Sales Distributor Agreement ("Distributor Agreement") effective May 10, 2012. On information and belief, Milton Roy, LLC is a successor in interest to Milton Roy Company with respect to the Distributor Agreement. A copy of the Distributor Agreement is attached as **Exhibit 1**.

5. Prior to May 10, 2012, Liqui-Systems, Inc. had acted as a distributor for Milton Roy Company for many years.

6. On September 30, 2015, Milton Roy, LLC sent to Liqui-Systems, Inc. a Notice of Intent to Terminate the Distributor Agreement ("9/30/15 Notice"). A copy of the 9/30/15 Notice is attached as **Exhibit 2**.

7. In the 9/30/15 Notice, Milton Roy, LLC informed Liqui-Systems, Inc. that it intended to terminate the Distributor Agreement effective December 30, 2015 unless Liqui-Systems, Inc. cured certain alleged "breaches" by November 30, 2015.

8. On December 9, 2015, Milton Roy, LLC sent Liqui-Systems, Inc. a written notice (the "12/9/15 notice") confirming its intent to terminate the Distributor Agreement effective December 30, 2015.  A copy of the 12/9/15 notice is attached as **Exhibit 3.**

## CLAIM FOR RELIEF

9. The Distributor Agreement between Milton Roy, LLC and Liqui-Systems, Inc. is a dealership (the "Dealership") as that term is defined in Wis. Stat. § 135.02(3)(a).  Milton Roy, LLC is the "grantor" and Liqui-Systems, Inc. is the "dealer" of the Dealership as those terms are defined in Wis. Stat. § 135.02(5) and (2), respectively.

10. The reasons given by Milton Roy, LLC for its termination of the Dealership in any written notice given by Milton Roy, LLC to Liqui-Systems, Inc. do not constitute "good cause" as that term is defined in Wis. Stat. § 135.02(4).

11. Liqui-Systems, Inc. cured any and all stated deficiencies that might have been "good cause" for the termination of the Dealership within 60 days of the 9/30/15 notice and, therefore, the notice was void under Wis. Stat. § 135.04.

12. Milton Roy, LLC's termination of the Dealership is without good cause and, therefore, in violation of Wis. Stat. § 135.03.

13. Milton Roy, LLC's termination of the Dealership after Liqui-Systems, Inc. cured any stated deficiencies that may have been good cause for the termination within 60 days of the 9/30/15 notice violates Wis. Stat. § 135.04.

14. Wis. Stat. § 135.06 provides that a dealer may bring an action against a grantor who violates Wis. Stat. ch. 135 "for damages sustained by the dealer as a consequence of the grantor's violation, together with the actual costs of the action, including reasonable actual attorneys' fees, and the dealer may also be granted injunctive relief against unlawful termination . . . ."

15. Milton Roy, LLC's violations of Wis. Stat. ch. 135 have injured and will continue to injure Liqui-Systems, Inc.'s business, including its reputation and goodwill, have deprived and will continue to deprive Liqui-Systems, Inc. of profits that it otherwise would have made, and likely will result in the destruction of Liqui-Systems, Inc.'s entire distributorship business, all to its damage.

WHEREFORE, plaintiff, Liqui-Systems, Inc., respectfully demands judgment as follows:

A. Temporary and permanent injunctive relief against Milton Roy, LLC's unlawful termination of the Dealership;

B. Judgment awarding Liqui-Systems, Inc. its actual damages;

C. The actual cost of the action, including its reasonable actual attorneys' fees; and

D. Such other and further relief as the Court finds just and equitable.

PLAINTIFF DEMANDS A JURY TRIAL

Dated: December 14, 2015

/s/ Paul R. Norman

Paul R. Norman – SBN 1013662
*pnorman@boardmanclark.com*
James E. Bartzen – SBN 1003047
*jbartzen@boardmanclark.com*
BOARDMAN & CLARK LLP
1 S. Pinckney St., Suite 410
P.O. Box 927
Madison, WI 53701-0927
Phone:  (608) 257-9521
Fax:  (608) 283-1709

H. Dale Peterson – SBN 1017015
*hdpeterson@stroudlaw.com*
STROUD WILLINK & HOWARD LLC
25 W Main St., Suite 300
P.O. Box 2236
Madison WI 53701-2236
Phone: (608) 257-2281
Fax: (608) 257-7643

*Attorneys for Plaintiff, Liqui-Systems, Inc.*

F:\DOCS\WD\50086\1DRA\A2324333.DOCX