IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| LIQUI-SYSTEMS, INC., | |
| Plaintiff, | ORDER |
| v. | 15-cv-797-jdp |
| MILTON ROY, LLC, | |
| Defendant. | |

---

| | |
|---|---|
| MILTON ROY, LLC f/k/a<br>MILTON ROY COMPANY | |
| Plaintiff, | ORDER |
| v. | 15-cv-801-jdp |
| LIQUI-SYSTEMS, INC., | |
| Defendant. | |

---

The above-captioned cases appear to be mirror-image suits arising from the same dispute between the same parties. In case number 15-cv-797, Liqui-Systems, Inc. filed a complaint against Milton Roy, LLC, alleging state law claims for violations of the Wisconsin Fair Dealership Law. In case number 15-cv-801, Milton Roy filed a complaint against Liqui-Systems seeking a declaratory judgment that it is has not violated the Wisconsin Fair Dealership Law. Under Federal Rule of Civil Procedure 42, the court can consolidate actions that involve common questions of law or fact. Based on the pleadings, the court is inclined to join 15-cv-797 and 15-cv-801 into one action—or "for all purposes," as the Seventh Circuit has instructed district courts to state, *see Ivanov-McPhee v. Wash. Nat. Ins. Co.*, 719 F.2d 927, 930 (7th Cir. 1983)—because they present identical questions of law and fact. The court will therefore direct the parties to show cause why these cases should not be consolidated.

The court would ordinarily consolidate two mirror-image suits into the first-filed action: here, that would be 15-cv-797. But Liqui-Systems's complaint in that case does not properly allege a basis for this court's exercise of subject matter jurisdiction because it fails to properly plead Milton Roy's citizenship. Liqui-Systems alleges that Milton Roy's only member is Accudyne Industries LLC, and that no member of Accudyne Industries is a citizen of the State of Wisconsin. But to properly plead Milton Roy's citizenship, Liqui-Systems must affirmatively allege the citizenships of each of Accudyne Industries's members, or at least identify the states of which those members are citizens. This requirement ensures that there are no "stateless" members, whose presence would destroy diversity. *See CTGW, LLC v. GSBS, PC*, No. 09-cv-667, 2010 WL 2739963, at *2 (W.D. Wis. July 12, 2010) ("A court does not have diversity jurisdiction over a case in which a real party in interest is not a citizen of any state." (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829-30 (1989))).

Fortunately for Liqui-Systems, the complaint in 15-cv-801 *does* properly allege Milton Roy's citizenship. The complaint alleges that Accudyne Industries's members are three Delaware corporations, each with a principal place of business in Texas. Thus, Liqui-Systems will have no trouble amending its complaint in 15-cv-797 to adequately allege a basis for this court's exercise of subject matter jurisdiction.

The parties may have 10 days from the date of this order to show cause why 15-cv-797 and 15-cv-801 should not be consolidated. If they agree to consolidation, then they should file a joint notice in both cases. If consolidation is appropriate, then the court will direct Liqui-Systems to file an amended complaint in 15-cv-797 and direct Milton Roy to assert its affirmative claims in 15-cv-801 as counterclaims in 15-cv-797. The court will administratively close 15-cv-801, and the parties will file all future submissions in 15-cv-797.

ORDER

IT IS ORDERED that the parties may have until December 28, 2015, to show cause why case numbers 15-cv-797 and 15-cv-801 should not be consolidated for all purposes, pursuant to Federal Rule of Civil Procedure 42(a).

Entered December 17, 2015.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge